## BRUCE *v.* SNOW.

Where a paper set up as an agreement is not admitted as such by the party sought to be affected by it, but there is a conflict of evidence upon the question whether it be such agreement or not, the court will not exclude testimony adduced to prove a verbal agreement differing from it in its terms, but will merely direct the jury to disregard such testimony, in case they find the written agreement.

TROVER, for a note of hand, dated February 18, 1846, for $528.45, payable to Proctor & Kendall, or bearer, on demand, with interest, and signed by the plaintiff.

On the trial, it appeared that one Buckman was arrested at the suit of Proctor & Kendall, on the day of

the date of the note, upon a writ which the defendant, their attorney, had made. The plaintiff was requested to settle the debt, but refused to do so, or to pay any thing towards the same. He however said that it was necessary for Buckman to go and obtain his clothes, and that he would be responsible for his appearance at Snow's office at such time as Snow would name.

Snow then proposed to draw a note for the debt and costs, for the plaintiff to sign, and to be given up, if Buckman should be at Snow's office at such time as the parties should agree on. The note was thereupon drawn, which is the one for the conversion of which this suit has been brought, and appended to it, upon the same paper, was the following memorandum:

" Whereas said Proctor & Kendall have this 18th day of February, 1846, caused William G. Buckman to be arrested on a writ of mesne process to recover an account against said Buckman, on which is due this day $528.45: Now if said Buckman shall be at the office of A. F. Snow, in said Claremont, from 9 to 10 o'clock in the forenoon of the 20th day of this present month, then said note shall be void, and be delivered up; otherwise it shall be in force, and the said account against the said Buckman shall be discharged."

The note was signed by the plaintiff, and the memorandum was signed by the defendant in the name of Proctor & Kendall, and remained attached to the note.

At the trial, the plaintiff insisted that the memorandum did not contain the agreement as made; and there was a conflict in the evidence on this point, and upon the question whether the plaintiff ever assented to the writing after it was drawn, although it appeared that he requested the defendant to reduce their agreement to writing. And the defendant offered to show, by parol, that the agreement concerning the note was; that the same should be given up, provided that Buckman should be at Snow's

office at any time between the hours of 9 and 10 on the 20th of February.

To the admission of this evidence the defendant objected, upon the ground that the agreement had been made in behalf of Proctor & Kendall in writing, and that that agreement could not be changed or explained by parol testimony. But the court admitted the plaintiff's evidence, and charged the jury that if they were satisfied that the agreement was so set forth in the writing, or that the plaintiff assented to that writing as the agreement, then the verdict should be for the defendant, unless he had complied with its terms. But if they should be satisfied that the agreement was as the plaintiff's evidence tended to show it to have been, the verdict should be for him, if he had kept it.

The defendant excepted to the ruling of the court, and a verdict having been returned against him, moved to set the same aside, and for a new trial, on account of the ruling excepted to.

*E. L. Cushing,* for the defendant.

*P. C. Freeman,* for the plaintiff.

WOODS, J. A question made at this trial was, whether the memorandum annexed to the note contained the agreement which the parties made, to settle the terms and conditions upon which the note should be given up to the plaintiff. The defendant assumed that it did contain the agreement, and therefore contended that verbal evidence should not be admitted to prove a different agreement.

The plaintiff, however, denying that he ever admitted the writing as the agreement, or ever assented to its terms, proposed, nevertheless, to show that an agreement was made between the parties, by the performance of which on his part he became entitled to the note. .

The writing was not signed by the plaintiff, and there-

Bruce *v.* Snow.

fore wanted that strong presumptive proof of being his agreement, upon which courts ordinarily proceed, when they determine that the written agreement has been so fully established as to call for the application of the well known rule of evidence, which precludes the admission of testimony to contradict the writing.

Whether the writing was in fact the agreement of the parties was, as it always is, a question for the jury. Upon this question, evidence was accumulated on either side, and there was not that clear preponderance on the part of one or of the other that could possibly call for or justify the application of the rule. The court could not say that the instrument was clearly proved; but, on the contrary, the evidence was such as would justify the jury in finding that it was not the plaintiff's agreement.

But the plaintiff's case was founded on an agreement; and unless the one produced was his, it required that he should have leave to prove what it was.

The jury were, in effect, it would seem, properly instructed, that if the writing produced was the plaintiff's agreement, and so found by them on weighing the evidence, they should inquire no further as to what the agreement was, nor regard any evidence tending to show a different agreement.

But if they should find that the plaintiff had not adopted the writing for his agreement, then they might inquire whether any had been made, and what it was.

The rule which excludes unwritten proof to contradict or vary the terms of a written agreement, can be applied only when the written agreement is proved to have existed between the parties. When the affirmative is perfectly clear the court will apply the rule and reject the offered proof. When, however, as in this case, it is doubtful, the jury are directed to inquire, and if a case is made, to apply the rule.

The evidence was properly admitted, and there must be

*Judgment on the verdict.*